**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

CANDICE NAKRIN

    Plaintiff,

Case No.:

v.

THE LINCOLN NATIONAL LIFE
INSURANCE COMPANY,

    Defendant.

_____/

## COMPLAINT FOR DISABILITY BENEFITS

Plaintiff, Candice Nakrin, by and through undersigned counsel, hereby files her Complaint against Defendant, The Lincoln National Life Insurance Company, and says:

### I. JURISDICTION AND VENUE

1. Plaintiff's claims are filed pursuant to the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, *et seq*. Jurisdiction exists pursuant to 29 U.S.C. § 1132(f) and venue is proper pursuant to 29 U.S.C. § 1132(e).

### II. PARTIES

2. Plaintiff, Candice Nakrin ("Ms. Nakrin"), is a resident of Lake Worth, Florida in Palm Beach County and was at all times relevant a participant of the short-term and long-term disability insurance policies at issue. Defendant, The Lincoln National Life Insurance Company (hereinafter "Lincoln" or "Defendant"), is the insurer and claims administrator of the short-term and long-term disability policies, is a foreign corporation authorized to do business in Florida, and can be found in the Southern District of Florida.

### III.     FACTS

3. At all times material to this action there was in full force and effect a group short-term disability policy and a group long-term disability policy which were underwritten and administered by Defendant.

4. At all times material, Lincoln operated under an inherent structural conflict of interest because of its dual role as administrator of claims while serving as the insurance company paying benefits out of its own assets.

5. Ms. Nakrin was employed with Lakeview Health, as a Admissions Intake Coordinator. By virtue of her employment at Lakeview Health, Ms. Nakrin was an eligible participant of the short-term and long-term policies at all times material to this action.

6. The purpose of the short-term disability policy was to provide Ms. Nakrin a weekly benefit in the event she became disabled.

7. The purpose of the long-term disability policy was to provide Ms. Nakrin a monthly benefit in the event she became disabled.

8. Ms. Nakrin suffers from multiple medical conditions and symptoms, including, but not limited to: Parkinson's disease, balance issues associated with Parkinson's disease, and numerous injuries due to falls, including conditions requiring total knee replacement.

9. Ms. Nakrin is disabled under the terms of the short-term and long-term disability policies.

10. Ms. Nakrin was forced to discontinue working on January 8, 2013 due to her conditions.

11. In accordance with the procedures set forth by the short-term and long-term disability policies, Ms. Nakrin notified Defendant that she was disabled.

12. By telephone on numerous occasions, Ms. Nakrin requested the status of her claim and was informed by Defendant the claim review was underway.

13. By letter dated August 27, 2015, Ms. Nakrin requested information regarding the current status of her claim.

14. Defendant provided no response to Ms. Nakrin's August 27, 2015 letter.

15. By letter dated August 28, 2015, Ms. Nakrin made her second request regarding the status of her claim and enclosed additional medical information.

16. Defendant provided no response to Ms. Nakrin's August 28, 2015 letter.

17. By letter dated October 30, 2015, Ms. Nakrin notified Defendant that her claim status should be updated to reflect that she was enrolled in both the short-term and long-term disability plans.

18. Defendant provided no response to Ms. Nakrin's October 30, 2015 letter.

19. By letter dated December 28, 2015, Ms. Nakrin made yet another request for an update on the status of her short-term and long-term disability claims.

20. Defendant provided no response to Ms. Nakrin's December 28, 2015 letter.

21. By letter dated February 16, 2016, through undersigned counsel, Ms. Nakrin requested the status of her claims for short-term and long-term disability.

22. Defendant provided no response to Ms. Nakrin's February 16, 2016 letter.

23. By letter dated March 9, 2016, through undersigned counsel, Ms. Nakrin requested a complete claim file from Defendant under the Employment Retirement Income Security Act ("ERISA") and Department of Labor Regulation 29 CFR 2560.503-1.

24. By letter dated March 21, 2016, Defendant provided what it purports to be its disability claim file. Defendant's response and purported claim file are attached hereto as Exhibit A.

25. The claim file provided by Defendant reveals that no action has been taken by Defendant in regards to Ms. Nakrin's claims for short-term and long-term disability benefits.

26. As a result of Defendant's failure and refusal to accept and take action on Ms. Nakrin's claims for short-term and long-term disability benefits, Ms. Nakrin's claims are deemed denied.

27. Exhausting her appeals for short-term and long-term disability benefits is futile where Defendant denied her access to the claims and appeals processes that would offer any potential of recovering short-term and long-term disability benefits.

28. In denying Ms. Nakrin's claims for short-term and long-term disability benefits, Defendant failed to provide a full and fair review.

29. The denial of Ms. Nakrin's claims for short-term and long-term disability benefits was a breach of the terms of the short-term disability policy and the long-term disability policy.

30. Through the denial of Ms. Nakrin's disability benefits, Defendant breached the fiduciary duties owed to her under ERISA. Defendant further failed to discharge its duties with respect to discretionary claims processing solely in the interests of Ms. Nakrin as a participant of the short-term and long-term disability plans.

### IV. COUNT I: SHORT-TERM DISABILITY BENEFITS

Plaintiff incorporates the allegations contained in Paragraphs 1 through 30 as if fully stated herein and says further that:

31. Plaintiff is entitled to certain benefits of the policy consisting of past short-term disability benefits including prejudgment interest, retroactive to the day benefits payments were due to be start pursuant to 29 U.S.C. §1132(a)(1)(B).

32. Plaintiff is entitled to the benefits identified herein because:

   a. the benefits are permitted benefits under the policy;

   b. Plaintiff has satisfied all conditions to be eligible to receive the benefits;

   c. Plaintiff has not waived or otherwise relinquished her entitlements to the benefits.

33. Defendant has refused to pay the benefits sought by Ms. Narkin, ignoring her disability claim, the medical records, and clear opinions of her physicians.

## V. COUNT II: LONG-TERM DISABILITY BENEFITS

Plaintiff incorporates the allegations contained in Paragraphs 1 through 33 as if fully stated herein and says further that:

34. Plaintiff is entitled to certain benefits of the policy consisting of past long-term disability benefits including prejudgment interest, retroactive to the day benefits payments were due to be start pursuant to 29 U.S.C. §1132(a)(1)(B).

35. Plaintiff is entitled to the benefits identified herein because:

   d. the benefits are permitted benefits under the policy;

   e. Plaintiff has satisfied all conditions to be eligible to receive the benefits;

   f. Plaintiff has not waived or otherwise relinquished her entitlements to the benefits.

36. Defendant has refused to pay the benefits sought by Ms. Nakrin, ignoring her disability claim, the medical records, and clear opinions of her physicians.

## VI. COUNT II: ATTORNEY'S FEES

Plaintiff incorporates the allegations contained in Paragraphs 1 through 36 as if fully stated herein and says further that:

37. To the extent that Defendant violated any provisions of Subchapter I of Title 29, Chapter 18 of the United States Code, Plaintiff is entitled to reasonable attorney's fees and costs of this action pursuant to 29 U.S.C. §1132(g)(1).

## VI. RELIEF REQUESTED

Plaintiff incorporates the allegations contained in Paragraph 1 through 37 as if fully stated herein and says further that:

38. As a result of the acts and/or omissions of Defendant as alleged herein, Defendant owes Plaintiff unpaid short-term and long-term disability benefits, plus interest.

39. Defendant is also liable for Plaintiff's attorney's fees and the costs of litigation in an amount to be proven at trial.

40. Defendant is also liable to place Plaintiff in the position she would have enjoyed under the employer provided welfare benefits plan, including the disability plans, had she not been wrongfully denied benefits by Defendant.

## VII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Candice Nakrin, prays for a judgment against Defendant for the relief as plead herein and for such other relief as this Honorable Court deems just and proper.

*Respectfully submitted this  25th  day of April 2016.*

BY:  /s/ Edward P. Dabdoub  
Edward Philip Dabdoub (FBN. 45685)  
eddie@longtermdisability.net  
Carter Meader (FBN. 116907)

6

carter@longtermdisability.net
WAGAR DABDOUB, P.A.
1600 Ponce de Leon Blvd., Suite 1205
Coral Gables, Florida 33134
Tel: (305) 754-2000
Fax: (305) 754-2007

*Counsels for Plaintiff, Candice Nakrin*